UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

BRIDGEWATER ASSOCIATES, INC.

2004 JAN 28 P 12: 31

Plaintiff,

CIVIL ACTION NO.

US DISTRICT
BRIDGEPORT CT

-against-

3:04cv76(JCH)

VIVIN OBEROI and TELLURIDE ASSET MANAGEMENT LLC,

Defendants.

JANUARY 21, 2004

## DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, Telluride Asset Management, LLC ("Defendant"), by and through its undersigned legal counsel, and files this Motion to Dismiss and moves this Court for an Order pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissing Plaintiff, Bridgewater Associates, Inc.'s ("Plaintiff") action on the grounds that this Court lacks jurisdiction over Defendant, Telluride Asset Management, LLC.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Dismiss and issue an Order dismissing Plaintiff's entire action and award Defendant its costs and attorneys' fees associated with this motion and any other relief deemed appropriate by this Court.

Respectfully submitted,

_____
David M. Wallman ct 06719
Wallman & DiRusso, LLC
750 Summer Street
Stamford, Connecticut 06901-1020
(203) 348-4000
Fax: (203) 357-1445
Attorneys for Telluride Asset Management, LLC

Of Counsel:
Gregory L. Peters (MN #0289401)
Thomas R. Revnew (MN #0295620)
Seaton, Beck, Peters,
Bowen & Feuss, P.A.
7301 Ohms Lane, Suite 320
Edina, Minnesota 55439
(952) 896-1700

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIDGEWATER ASSOCIATES, INC.<br><br>                      Plaintiff,<br><br>-against-<br><br>VIVIN OBEROI and TELLURIDE ASSET MANAGEMENT LLC,<br><br>                      Defendants. | CIVIL ACTION NO.<br>3:04 CV00076 (JCH)<br><br><br><br><br><br><br><br>JANUARY 28, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF TELLURIDE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Telluride Asset Management, LLC ("Telluride") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss ("Motion"). The Connecticut long-arm statute relied upon by Bridgewater Associates, Inc. ("Bridgewater") within its Complaint to allegedly establish personal jurisdiction simply does not reach Telluride. Further, Bridgewater cannot establish that Telluride has the necessary minimum contacts with the State of Connecticut to establish jurisdiction. Accordingly, the Court should dismiss Plaintiff's Complaint and Application for Temporary Restraining Order and Preliminary Injunction.

## I. FACTS

Telluride is an asset management company with its principal place of business in Minnesota. (Affidavit of Glenn Satty ("Satty Aff.") at ¶ 3). Telluride does not conduct business in Connecticut, does not have employees located in Connecticut and does not have any offices in Connecticut. (Satty Aff at ¶4). Additionally, Telluride does not have clients in Connecticut. Id. at ¶5. At one point, a Telluride employee traveled once to

Connecticut to meet with former business associates. Id. These business associates are not and have never been a client of Telluride. The employee who traveled to Connecticut has had no further contact in the State of Connecticut. Id. at ¶5. No other Telluride employees have traveled to Connecticut for business purposes or have had contact with anyone in Connecticut for business purposes. Id. at ¶6. Further, Telluride does not have any bank or telephone accounts in Connecticut. Id. at ¶9.

Defendant, Vivin Oberoi ("Oberoi"), is a Telluride employee, lives in the State of New York and works in the State of Minnesota. Id. at ¶7. Oberoi has not traveled to Connecticut for business purposes or conducted any business on behalf of Telluride in Connecticut since commencing employment with Telluride. Id. at ¶8.

## II. ARGUMENT

### A. Bridgewater Cannot Establish That This Court Has Jurisdiction Over Telluride Under Connecticut's Long-Arm Statute.

"When a defendant challenges personal jurisdiction in a motion to dismiss, the plaintiff has the burden of proving that the court has jurisdiction over the defendant." Amerbelle Corp. v. Hommel, 272 F.Supp.2d 189, 192 (D. Conn. 2003) *citing* Divicino v. Polaris Indus., 129 F.Supp.2d 425, 428 (D. Conn. 2001) *citing* Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566-67 (2nd Cir. 1996). Personal jurisdiction questions are resolved through a two-step inquiry: (1) does the Connecticut long-arm statute reach the Defendant; and, if so (2) does the exercise of jurisdiction meet the "minimum contacts" requirement, and thus, satisfy the constitutional due process requirement. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Amerbelle Corp. 272 F.Supp.2d at 193, *citing* United States

2

Surgical Corp. v. Imagyn Med. Tech., 25 F.Supp.2d 40, 44 (D. Conn. 1998). After applying the two step analysis, this Court should grant Telluride's motion to dismiss.

### 1. The Connecticut Long-Arm Statute Relied Upon By Bridgewater Is Inapplicable.

Bridgewater's contention that personal jurisdiction over Telluride is established under Connecticut's long-arm statute, Conn. Gen. Stat. §52-59b(a)(3)(B), is flawed. (Complaint ¶ 6). Under this statute, the Connecticut legislature provided that:

> [A] court may exercise personal jurisdiction over any <u>nonresident individual</u> or <u>foreign partnership</u>, . . . who in person or through an agent . . . (3) commits a tortious act outside the state causing injury to person or property within the state . . . if such person or agent . . . (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Under its plain and unequivocal language, the long-arm statute applies to "nonresident individuals" or "foreign partnerships." Because Telluride is neither an "individual" nor a "foreign partnership," the long-arm statute cited by Bridgewater is inapplicable. "Where statutory language is clearly expressed, as here, courts must apply the legislative enactment according to the plain terms and cannot read into the statute something which manifestly is not there . . ." Paul v. McPhee Electrical Contractors, 46 Conn.App. 18, 22, 698 A.2d 354, 357 (Conn. App. Ct. 1997).[1]

In addition, as a Minnesota LLC, Telluride is organized under the Minnesota Limited Liability Company Act (Minn. Stat. § 322B) (the "MN Act"). (Complaint ¶ 3).

---

[1] Telluride acknowledges that two unpublished decisions held that the long-arm statute applies to LLCs. In Nadler v. Grayson Construction Co., Inc., No. CV020190015S, 2003 WL 1963158, *5 (Conn. Super. Ct. Apr. 15, 2003), after the parties' both assumed that 52-59b applied to foreign limited liability corporations (and the New York LLC defendant), the court agreed with the assumptions with reservation. In particular, the court noted that "the issue is not free from doubt." In New England National LLC v. Kabor of East Lyme, LLC, No. 550014, 2000 WL 254590, *3 (Conn. Super. Ct. Feb. 23, 2000), the court applied the statute to a New York LLC without the parties' raising arguments concerning its applicability.

3

Unlike the limited liability statutes in other states, the MN Act is based upon corporate law and not partnership law. The Overview Comments of the Reporter's Notes provide that an entity incorporated under Minnesota corporate law (Minn. Stat. § 302A) and an entity (such as Telluride) organized under the MN Act will receive consistent legal treatment:

> **Relevance of Chapter 302A in Interpreting and Applying Chapter 322B**
>
> Most of the governance and management provisions of chapter 322B are drawn from chapter 302A, even though chapter 322B provisions differ from chapter 302A provisions in terminology. . . . To the extent a chapter 322B provision resembles a chapter 302A provision in substance, the case law and Reporter's Notes of chapter 302A should be used to interpret and apply the chapter 322B provision.

Since Telluride was organized (and is currently governed) under the MN Act and is treated for management and governance issues as if it was a Minnesota corporation, Connecticut's long-arm statute concerning individuals and foreign partnerships is inapplicable.[2]

### 2. The Long-Arm Statute Relied Upon By Bridgewater Does Not Reach Telluride.

In addition, even if Conn. Gen. Stat. §52-59b(a)(3)(B) applies, in order to establish jurisdiction, Bridgewater must prove Telluride: (1) committed a tortious act outside the state causing injury to person or property; (2) expected or should reasonably have expected the tortious act to have consequences in the state; and (3) derives substantial revenue from interstate or international commerce.

---

[2] In should be noted that the Connecticut long-arm statute applicable to foreign corporations also does not reach Telluride. Telluride does not meet any of the following elements necessary for establishing jurisdiction under the statute: (1) Telluride has not made any contracts in the state; (2) Telluride has not repeatedly solicited business in the state; (3) Telluride has not manufactured, produced or distributed goods with reasonable expectation that such goods would be used in the state; and (4) Telluride has not committed any tortious acts within the state. Conn. Gen. Stat. §33-929(f). See e.g. Amerbelle Corp. v. Hommel, 272 F.Supp.2d 189, 192 (D. Conn. 2003).

Telluride denies that it committed any tortious acts that caused an injury to person within Connecticut. Accordingly, it is upon Bridgewater to establish such injury actually occurred. Further, Telluride denies that it expected or should have reasonably expected its hiring of Vivin Oberoi to have any consequences in Connecticut. The mere fact that Telluride hired Vivin Oberoi as a portfolio manager in Minnesota does not establish Telluride "expected or should have reasonably expected" such act to have direct consequences within the state of Connecticut. Indeed, at the time that Oberoi was hired by Telluride, he was informed not to disclose, discuss or use any confidential or proprietary information concerning Bridgewater with any Telluride employees or managers, or to employ any such information in his trading. (Satty Aff. in Support of Memo in Opposition to TRO, ¶9). Since his employment commenced, Oberoi has complied with that request. Id. Based upon these facts alone, there would be no reason for Telluride to expect or reasonably expect that its actions of hiring Oberio would cause any injury.

It should also be noted that while Connecticut courts have not looked at the "expect or should reasonably expect" element of the long-arm statute in depth, Connecticut's Supreme Court has noted that because the statute is modeled after New York Civil Practice Law §302, New York's judicial interpretations concerning that statute is pertinent. Zartolas v. Niselfeld, 184 Conn. 471, 474 (1981). In a recent New York case, the court stated that the "expect or should reasonably expect" element is met when the nonresident tortfeasor expects that his conduct will have **direct** consequences in the state. Lamarca v. Pak-Mor Manufacturing Company, 95 N.Y.2d 210, 214, 735 N.E.2d 883, 886, 713 N.Y.S.2d 304, 307 (N.Y. Ct. App. 2000)(emphasis added). "The

5

element is intended to ensure some link between a defendant and New York State to make it reasonable to require a defendant to come to New York to answer for tortious conduct committed elsewhere." Id.

Telluride is a Minnesota based company with only one office and no employees outside of the state of Minnesota. Telluride does not have any clients in Connecticut and no employees have regularly solicited business in Connecticut. It is not reasonable for Telluride to expect that its hiring of Oberoi would have direct consequences in the State of Connecticut. Unlike the defendant in Lamarca, Telluride has not manufactured a product that will be used in the forum state. Telluride has not placed a product in the state, does not regularly conduct or solicit business in the state and does not even have a client in the state. Because Telluride is not within the reach of any applicable Connecticut long-arm statutes, the claims against it should be dismissed.

**B.  Bridgewater Cannot Prove The Necessary Minimum Contacts Between Telluride And The State Of Connecticut.**

Even if this Court were to somehow conclude that Telluride is within the reach of Connecticut's long-arm statute, the Complaint should be dismissed because Telluride does not meet the minimum contacts requirement to satisfy constitutional due process. "The due process test for personal jurisdiction has two related components: the minimum contacts analysis and the reasonableness analysis." Amerbelle, 272 F.Supp.2d at 196. *citing* Met. Life Ins. Co., 84 F.3d at 567. To satisfy the minimum contacts requirement, Telluride must purposely avail itself of the privileges and benefits of the forum state. Id. *citing* Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

6

### 1. Telluride Does Not Have the Minimum Contacts Necessary to Establish Constitutional Due Process.

The Court should grant Telluride's motion to dismiss because the minimum contacts necessary to establish constitutional due process are lacking. In a strikingly similar case, Connecticut Artcraft Corp. v. Smith, 574 F.Supp. 626, 630 (D. Conn. 1983), a Florida corporation hired a former employee of a Connecticut-based entity and allegedly utilized trade secret information possessed by the former employee. The court held that the Florida entity did not have sufficient contacts with Connecticut because it had no offices, property, customers, telephone listings or bank accounts in Connecticut and had never engaged in any business in Connecticut. Id.

As set forth above, Telluride has had arguably only one contact with the state of Connecticut. (Satty Aff. ¶5.) This clearly does not establish the minimum contacts necessary to establish constitutional due process. See, e.g., Rosenblit v. Danaher, 206 Conn. 125, 138, 537 A.2d 145, 151 (1987)(one meeting does not establish minimum contacts). Telluride has not conducted any business in Connecticut, and does not have any employees or clients in Connecticut. (Satty Aff. ¶¶4-5.) Additionally, Telluride does not have any bank accounts or telephone accounts in Connecticut. (Satty Aff. ¶8.) Simply put, Bridgewater cannot establish that Telluride has the requisite minimum contacts with Connecticut to have "purposely availed itself of any privileges or benefits of the" state of Connecticut.

### 2. Assertion of Personal Jurisdiction Does Not Comport with "Traditional Notions of Fair Play and Substantial Justice."

Finally, the Court should grant Telluride's motion to dismiss because Bridgewater cannot establish that the assertion of personal jurisdiction comports with "traditional

notions of fair play and substantial justice." Amerbelle, 272 F.Supp.2d at 196. *citing* Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). In deciding whether personal jurisdiction exists, courts review whether "personal jurisdiction is reasonable in the context of the specific case." Id. Specifically, courts evaluate the following factors as part of the "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. Met. Life Ins. Co., 84 F.3d at 568, *citing* Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 113-16, 113-116, 107 S.Ct. 1026, 1032-34, 94 L.Ed.2d 92 (1987). All of the factors support Telluride's motion to dismiss.

After evaluating each of these factors, Telluride's motion to dismiss should be granted. For instance, similar to the facts in Met. Life Ins. Co., none of Telluride's records, files or witnesses with information about the claims raised in Bridgewater's complaint are located in Connecticut. Id. at 574. The alleged acts that support Bridgewater's misappropriation of trade secrets and unfair trade practice claims occurred in Minnesota, and therefore Minnesota has an interest in adjudicating the claim. Id. In addition, because Bridgewater conducts business on a world-wide-basis, Connecticut is not the only convenient forum for this action. Finally, Bridgewater cannot demonstrate that any substantive social policies would be furthered by permitting this case to be heard in Connecticut as opposed to Minnesota. On the other hand, Telluride has demonstrated that it would offend the notions of due process to be haled into Connecticut because of its

8

lack of contacts with the state. It is simply unreasonable for Telluride to be hauled into court in Connecticut when all of its witnesses and the evidence necessary to defend this action are located outside of Connecticut.

### III. CONCLUSION

Based upon the foregoing, Telluride respectfully requests that the Court grant its Motion.

DEFENDANT,
TELLURIDE ASSET MANAGEMENT, LLC

_____
David M. Wallman ct 06719
Wallman & DiRusso, LLC
750 Summer Street
Stamford, Connecticut 06901-1020
(203) 348-4000
Fax: (203) 357-1445
Its Attorneys

Of Counsel:
Thomas R. Revnew
Gregory L. Peters
SEATON, BECK, PETERS,
BOWEN & FEUSS
7301 Ohms Lane, Suite 320
Edina, Minnesota 55439
(952) 896-1700

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT, on the date hereof, a copy of the foregoing Defendant's Motion to Dismiss and Memorandum of Law in support thereof were served via First Class U.S. Mail, postage prepaid and hand delivered on January 28, 2004 , upon the following counsel for the Plaintiff:

Jonathan B. Tropp
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901

_____
David M. Wallman ct 06715

Attachment 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIDGEWATER ASSOCIATES, INC.

                     Plaintiff,

-against-

VIVIN OBEROI and TELLURIDE ASSET MANAGEMENT LLC,

                     Defendants.

CIVIL ACTION NO.
3:04 CV00076(JCH)



## AFFIDAVIT OF GLENN SATTY IN SUPPORT OF TELLURIDE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTON

STATE OF MINNESOTA )
                         )ss.
COUNTY OF HENNEPIN)

I, Glenn Satty, being first duly sworn upon oath state as follows:

1. I make this affidavit in support of Telluride Asset Management, LLC's ("Telluride") Motion to Dismiss. I have personal knowledge as to the matters set forth herein.

2. I am the Head of Risk, Administration and Operations of Telluride. Prior to joining Telluride, I was the Senior Vice President and Chief Technology Officer at Knight Trading Group.

3. Telluride is an asset management company based in Wayzata, Minnesota.

4. Telluride does not conduct any business in Connecticut, does not have any employees, offices or vendors located in Connecticut.

5. Telluride does not have clients in Connecticut. To my knowledge, I am the only Telluride employee that has traveled to Connecticut on business for Telluride, and did so

only once. I met with former business associates and have had no other contact in the State of Connecticut and have not traveled to Connecticut for any other business purposes.

6. No employees of Telluride have traveled to Connecticut for business purposes and have not contacted anyone in Connecticut for business purposes.

7. Vivin Oberoi ("Oberoi") lives in the State of New York and works in the State of Minnesota. Oberoi has not traveled to Connecticut for business purposes since commencing employment with Telluride.

8. Oberoi has not conducted any business on behalf of Telluride in Connecticut since commencing his employment with Telluride.

9. Telluride does not have any bank accounts or telephone accounts in Connecticut.

10. Telluride has not had any purposeful transactions in Connecticut.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
Glenn Satty

Subscribed and sworn to before me
this 23rd day of January, 2004.

_____
Notary Public

SHAREEN RAE LUZE
Notary Public-Minnesota
My Commission Expires Jan 31, 2007

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIDGEWATER ASSOCIATES, INC.<br><br>         Plaintiff,<br><br>  -against-<br><br>VIVIN OBEROI and TELLURIDE ASSET MANAGEMENT LLC,<br><br>         Defendants. | CIVIL ACTION NO. |

## **ORDER**

Upon consideration of Defendant, Telluride Asset Management, LLC's ("Telluride"), Motion to Dismiss and all the affidavits, files, memoranda and exhibits herein, and upon the arguments of counsel,

IT IS HEREBY ORDERED:

That Telluride's Motion to Dismiss is hereby granted in all respects and Telluride is dismissed from this action.


Dated: _____      _____
                          District Court Judge